IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBIN V.,[1] | Case No. 6:22-cv-00915-HL |
|     Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
|     Defendant. | |

HALLMAN, United States Magistrate Judge:

Plaintiff Robin V. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the decision of the Commissioner is AFFIRMED.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**I.    Plaintiff's Application**

Plaintiff alleges disability based on chronic obstructive pulmonary disease ("COPD"), peripheral neuropathy, deep calluses in both feet, cysts and tears in the right elbow, carpal tunnel syndrome, arthritis and tears in both shoulders and knees, and degenerative disc disease. Tr.

150.[2]  At the time of her alleged onset date, she was 57 years old. Tr. 149. Plaintiff has a high school education. Tr. 285. She has past relevant work experience as a payroll specialist. Tr. 24, 126. Plaintiff protectively applied for DIB on May 15, 2018, alleging an onset date of May 1, 2017. Tr. 150, 381. Her application was denied initially on September 12, 2018, and on reconsideration on February 21, 2018. Tr. 148, 224-226. Plaintiff subsequently requested a hearing, which was held on February 26, 2020, before Administrative Law Judge ("ALJ") Mark Triplett. Tr. 33. Plaintiff appeared and testified at the hearing, represented by counsel. Tr. 33. With the assistance of counsel, plaintiff amended her alleged onset date to May 11, 2017. Tr. 42. A vocational expert ("VE"), Marion Thomas, also testified. *Id.* On April 8, 2020, the ALJ issued a decision denying plaintiff's claim. Tr. 202. Plaintiff requested Appeals Council review, which was granted on January 26, 2021. Tr. 208-212. A subsequent hearing was held on November 17, 2021, where plaintiff appeared and testified, represented by counsel. Tr. 74. A VE, Daniel LaBrosse, also testified. *Id.* On November 30, 2021, the ALJ issued a decision denying plaintiff's claim. Tr. 25. Plaintiff filed a second request for review on January 25, 2022, which was denied on May 24, 2022. Tr. 1-7, 365-67. Plaintiff then sought review before the Court.[3]

## II.     Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 11).

[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 3).

PAGE 3 – OPINION AND ORDER

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

PAGE 4 – OPINION AND ORDER

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## III.   The ALJ's Decision

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity after her alleged onset date through her date last insured of December 31, 2018. Tr. 17.

At step two, the ALJ determined that plaintiff has the following severe impairments: "a labral tear with degenerative joint disease of the shoulders; degenerative disc disease of the cervical spine; osteoarthritis; diabetes mellitus; peripheral neuropathy; bilateral carpal tunnel syndrome; and chronic obstructive pulmonary disease (COPD)." *Id.*

At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18. The ALJ then resolved that plaintiff had the RFC to perform sedentary work with the following limitations:

> She can occasionally climb ramps, and stairs but never climb ladders, ropes, or scaffolds. She can frequently balance, but occasionally stoop, kneel, and crouch, but never crawl. She can occasionally reach overhead bilaterally and can frequently reach in all other directions. She can frequently, but not constantly, handle and finger with the right, dominant upper extremity. She can tolerate occasional exposure to extreme environmental heat or cold, but no exposure to workplace vibration. She can tolerate no exposure to atmospheric conditions as defined in Selected Characteristics of Occupations, and no exposure to workplace hazards such as unprotected height and exposed, moving machinery. She utilizes a two wheeled walker when ambulating greater than 20 feet.

Tr. 19.

At step four, the ALJ found that plaintiff could perform her past relevant work as a payroll clerk. Tr. 24. Thus, the ALJ concluded that plaintiff is not disabled. Tr. 25.

PAGE 5 – OPINION AND ORDER

**DISCUSSION**

Plaintiff argues that the ALJ committed two errors: (1) failing to account for all of plaintiff's limitations when forming her RFC; and (2) improperly weighing medical opinion evidence that would preclude plaintiff from sustaining full-time work. For the reasons discussed below, the Commissioner's decision denying plaintiff's claim is affirmed.

**I.      RFC Determination**

First, plaintiff asserts that the ALJ erred by failing to include all limitations supported by the record. Specifically, she argues that the medical opinion evidence credited by the ALJ supports additional limitations regarding her diminished ability to push and pull. This Court disagrees with Plaintiff and finds that the Commissioner's omission of plaintiff's pushing and pulling limitations was a harmless error.

The RFC must contemplate *all* medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96–8p *available at* 1996 WL 374184. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Harmless error applies in the social security context. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). Errors that do not alter the outcome of a claimant's disability determination are harmless. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In

PAGE 6 – OPINION AND ORDER

particular, the erroneous omission of a limitation from a claimant's RFC finding is harmless if the limitation does not erode a claimant's occupational base. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In other words, if a claimant's omitted limitations would not significantly erode the number of jobs available had the limitation been included, then the error of omission is harmless.

In this case, state agency physicians Dr. Neal Berner, M.D., and Dr. Thomas Davenport, M.D., found that plaintiff was limited to sedentary work with occasional pushing and pulling in her arms, occasional overhead reaching with both arms, and frequent handling and fingering in her right arm. Tr. 161-63, 181-83. The ALJ found Drs. Berner's and Davenport's opinions were generally consistent and supported by the record. Tr. 23. The ALJ determined that plaintiff could perform sedentary work with limitations. Tr. 19. These limitations included reaching, handling, fingering and other non-exertional limitations; however, the ALJ did not explain why he did not include the occasional pushing and pulling limitations assessed by the state agency physicians. Tr. 19-20.

Plaintiff contends that failing to include the pushing and pulling limitations in plaintiff's RFC is harmful error because if the ALJ accounted for plaintiff's pushing and pulling deficiencies in the RFC determination, plaintiff would not be able to do her past relevant work as a payroll clerk. Pl. Br. 14. Plaintiff argues that the DOT describes the payroll clerk occupation as sedentary, involving "exerting up to 10 pounds of force occasionally (occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, *push, pull*, or otherwise move objects, including the human body." DOT 215.382-014, 1991 WL 671908.

PAGE 7 – OPINION AND ORDER

In response, the Commissioner argues that the ALJ's omission of plaintiff's pushing and pulling limitations is harmless because including these limitations would not further erode plaintiff's occupational opportunities beyond the ALJ's findings that plaintiff is limited to sedentary work. Def.'s Resp. Br. 9.  The Commissioner notes that sedentary work is defined as work that is performed primarily in a seated position and involves lifting no more than ten pounds at a time and occasionally lifting and carrying small articles. SSR 83-10, 1983 WL 31251 at 5.  Because "the occupation is sedentary, limitations in pushing and pulling would have negligible effect on Plaintiff's ability to perform it." *Id*. (citing SSR 83-10; SSR 96-9p, 1996 WL 374185 at *6 (limitations in pushing and/or pulling will "generally have little effect" on the sedentary occupational base). The Commissioner also argues that an ALJ may find a claimant not disabled if she retained the capacity to perform past relevant work as actually performed. SSR 82-61, 1982 WL 31387 at *1-2.

The Court is not persuaded by plaintiff's argument. While the DOT raises a presumption as to job classification requirements, it is rebuttable. *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995.) The DOT "is not the sole source of admissible information concerning jobs." *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994.) The regulations, themselves, provide that vocational experts and several published sources other than the DOT are authoritative. 20 C.F.R. §§ 404.1566(d)(2)–(5), (e). The Social Security Regulations provide that the ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing SSR 82-61 and SSR 82-41). Moreover, a claimant's own statements about the demands of her past relevant work are "highly probative" when

deciding whether she can return to such work. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).

As relevant here, the ALJ reviewed plaintiff's testimony and her work history report to assess plaintiff's past relevant work as actually performed. Tr. 24, 44-45, 439. In her testimony, plaintiff described her payroll clerk position was "about 70% data entry" and that the remaining 30% was alphabetizing, filing, and submitting documents. Tr. 44-45. Additionally, in her work history report, plaintiff did not describe her payroll clerk position as entailing pushing and pulling. Tr. 439. Based on this testimony, and testimony from the vocational expert, the ALJ concluded that plaintiff "was able to perform it as actually performed" and that "there is nothing in the record to indicate that [Plaintiff] was having difficulty performing her work function." Tr. 24-25.

Given this conclusion, which was supported by substantial evidence, any error in forming the RFC was harmless. The ALJ's omission of the pushing and pulling limitations had no bearing on whether Plaintiff, based largely on her own testimony, could perform her past relevant work a payroll clerk. Moreover, since plaintiff can perform her past relevant work as actually performed, she is not disabled. SSR 82-61, 1982 WL 31387 at *1-2. Thus, the ALJ's failure to account for her pushing and pulling limitations and failure to explain why he chose to omit those limitations was "inconsequential" to the ALJ's "ultimate nondisability determination," *Stout*, 454 F.3d at 1055, and is therefore harmless.

### III. Medical Opinion Evidence

Plaintiff next asserts the ALJ improperly rejected critical aspects of the medical opinion given by Dr. Benie Pham, M.D., without providing legally adequate reasons for doing so. Pl.'s Opening Br. 16. Where, as here, the plaintiff's application is filed on or after March 27, 2017,

the ALJ is no longer tasked with "weighing" medical opinions, but rather must determine which are most "persuasive." 20 C.F.R. §§404.1520c(a)-(b); 416.920c(a)-(b).[4]

Under the revised regulations, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* At a minimum, "this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Id.* An ALJ is "not required to explain how they considered other secondary medical factors, unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical." *Id*. (*citing* 20 C.F.R. §§ 404.1520c(b)(3); 416.920c(b)(3)). An ALJ's decision to discredit a medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

Dr. Pham provided a medical opinion about plaintiff's condition and ability to work based on her physical conditions.[5] Most significantly, she opined that plaintiff would be absent more than two days per month, and that she is in "too much pain to hold any job." Tr. 773. Dr. Pham opined that plaintiff could sit less than two hours and stand/walk less than thirty minutes in an eight-hour workday. *Id.* Dr. Pham listed several diagnoses to support these limitations, including uncontrolled chronic pain, COPD, and obstructive sleep apnea with chronic insomnia.

---

[4] As the Ninth Circuit recently explained, "[u]nder the revised regulations . . . a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The new regulations nonetheless "displace our longstanding case law requiring an ALJ to provide" different levels of reasoning (i.e., "clear and convincing" or "specific and legitimate") based on a hierarchy of medical sources. *Id.* at 787.

[5] Although Dr. Pham also provided an opinion as to plaintiff's mental health-related limitations, plaintiff does not contest the ALJ's discounting of Dr. Pham's opinion on that aspect. Pl.'s Opening Br. 15.

PAGE 10 – OPINION AND ORDER

Tr. 770. She also noted that plaintiff's exertional limitations relate to her severe peripheral neuropathy, carpal tunnel syndrome, and advance degenerative disc disease, and that she experiences chronic pain, swelling in the feet, and can never push or pull using her upper extremities. Tr. 771-72. The ALJ found Dr. Pham's opinion unpersuasive because multiple medical examinations and records are inconsistent with limitations this severe, and unsupported by the objected findings cited by the Dr. Pham. Tr. 22.

Plaintiff argues that the ALJ's reasons for rejecting Dr. Pham's opinion were not specific and legitimate reasons supported by substantial evidence. Specifically, she argues that the ALJ did not conduct any supportability factor analysis, and then only a limited analysis of the consistency factor contrary to the regulatory framework. Pl.'s Opening Br. 16-17. The Court disagrees and instead finds that the ALJ's conclusion was supported by substantial evidence and accounted for the supportability and consistency factors.

With respect to the consistency factor, the ALJ found Dr. Pham's opinion regarding the severity of plaintiff's symptoms to be inconsistent with records showing plaintiff's neuropathy and carpal tunnel syndrome were controlled. Tr. 22. These records include multiple medical reports and physical examinations where plaintiff's painful symptoms were stable or improved. Tr. 926, 940, 960-61, Tr. 1008. Plaintiff reported continued improvement in her right hand following from her carpal tunnel release. Tr. 1008. The ALJ acknowledged that despite her diminished grip strength, plaintiff's most recent medical records show that plaintiff ambulated normally, had a normal gait and station, normal motor strength and tone, and normal movement of all extremities. Tr. 22 (citing Tr. 1521, 1535, 1540, 1551, 1605). This explanation was sufficient to "specifically account" for the reasons that he believed that Dr. Pham's opinion was inconsistent with the other medical opinions. *See Robert S. v. Saul*, No. 3:19-CV-01773-SB,

2021 WL 1214518, at *4 (D. Or. March 3, 2021) ("[t]he new regulations still require the ALJ to explain her reasoning for discounting a medical opinion from a treating or examining physician to allow for meaningful judicial review.").

With respect to the supportability factor, the ALJ found that nothing in the record supported the level of limitation opined by Dr. Pham. Tr. 22. To support this conclusion, the ALJ cited to three reports where Dr. Pham reported that plaintiff's COPD, hypertension, peripheral neuropathy, GERD, hyperlipidemia, and chronic shoulder and knee pain were all stable on plaintiff's current medication regimen. Tr. 926, 940, 960-61. Although the ALJ did not use the term "supportability," the relevance of this medical evidence and the adequacy of the explanation for rejecting the opinion are factors that bear directly on the supportability of a medical opinion. *See* 20 C.F.R. § 416.920c(c)(1) (2017) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ..., the more persuasive the medical opinions ... will be."). Thus, the ALJ specifically accounted for the supportability of Dr. Pham's opinion, and that account was based on substantial evidence.

Accordingly, there was substantial evidence to support the ALJ's conclusion that Dr. Pham's opinion was inconsistent with the other evidence in the record, and the ALJ did not err in concluding that Dr. Pham's opinion was unpersuasive.

PAGE 12 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 15th day of August, 2023.

_____
ANDREW HALLMAN
United States Magistrate Judge